## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

IN RE:                                      )
                                            )
    PIPER, Steven Mark                    )
        Stephanie Sue                    )
           Debtor(s)               )        Case No.
_____              )

## CHAPTER 13 PLAN

| DEBTOR: | **Steven Mark Piper** | SSN: | **4607** |
| | **Stephanie Sue Piper** | **(4 digits)** | **2987** |

ADDRESS:  **931 Laramie**
               **Atchison KS 66002**

**YOUR RIGHTS WILL BE AFFECTED:**  You should read these papers carefully, and then discuss them with your attorney.  Anyone who wishes to oppose any provision of this plan or any motion included below must file a timely objection.  This plan may be confirmed and the motions included below may be granted without further notice or hearing unless written objection is filed before the deadline stated on the separate Notice you should have received from the Bankruptcy Court.  If you have a secured claim, this is notice that your lien may be voided or modified if you do not object to this plan.  The contents of this plan represent an offer to creditors, any creditors not wishing to accept the terms of this plan should promptly file an objection.  Failure to timely object shall be deemed an acceptance of the terms of the Chapter 13 plan.

Debtor or Debtors (hereafter Debtor) proposes:

**PLAN PAYMENT:**    $ 1513.00  each      <u>month</u> by: (Designate one of the below options)

    ___ Employer pay order directed to _____
                Address:  _____
   _X_ Debtor pay order directed to Debtor

- Debtor must make the first plan payment within thirty (30) days of the date of the filing of the bankruptcy petition.

    Estimated plan length (months):  60

**GENERAL PROVISIONS:**  Payments shall be $ 1513.00  for the first  60  months of the plan.  Based upon the Debtor's Official Bankruptcy Form B22C, the Applicable Commitment Period for this plan is  36  months.  The net result from Form 22C is  0  which multiplied by Applicable Commitment Period is  0 , the amount required to be paid to unsecured creditors per Form 22C.  In any event, Debtor reserves the right to extend the plan payments to 60 months.  The amount proposed to be paid for unsecured debt is at least the amount required to be paid for the Applicable Commitment Period.  After confirmation, Debtor reserves the right to pay off the case in full by tendering funds to the Trustee sufficient to pay all claims allowed and proposed to be paid under this plan.  Additionally, Debtor reserves the right to increase play payments in order to pay off the plan over a shorter period of time than 36 months so long

as the plan requirements are satisfied.

**IT IS ANTICIPATED THAT THERE WILL <u>NOT</u> BE ANY FUNDS PAID TO GENERAL UNSECURED CREDITORS.**

**MEDIAN INCOME:** Debtor contends median income is LESS THAN the Median income for this state and family size as outlined in 11 U.S.C. § 1322(d) and 1325(b)(4).

**ADMINISTRATIVE:** Attorney fees shall be paid at a monthly amount to be set by the trustee over a period of 24 months, sooner if funds are available. In the even the case is dismissed or converted to a Chapter 7 prior to confirmation, the Debtor(s) hereby assigns(s) and the Trustee shall pay to the debtor(s) attorney, any monies paid to the Trustee, excepting monies applied to the filing fees. Additional fees may be sought by any application if costs and fees exceed the amount stated below.

Pre-Confirmation attorney fees:                                  $2000.00
Fees paid by debtor directed to the attorney:          $0.00
Balance of fees to be paid through the plan:            $2000.00

**FILING FEE:** The filing fee of <u>$274.00</u> was paid with the filing of the Petition.

**FINANCIAL MANAGEMENT COURSE FEES:** Will be paid direct by the Debtor

**TRUSTEE FEE:** The Trustee will deduct a floating percentage rate (up to 10%) of the amount paid under the Plan as an administrative fee.

**TAX REFUND FOR THE YEAR IN WHICH THE DEBTOR FILED THIS BANKRUPTCY: Debtor will immediately pay over to the Trustee the tax refund upon receipt.** The Trustee will remit to the Debtor any portion of the refund that Debtor is entitled to retain. The Trustee will honor any proper assignment of the tax refund to Debtor's attorney and promptly remit such fund to Debtor's attorney. The Trustee will not retain a \Trustee's fee on amounts of the refund remitted to Debtor or to Debtor's attorney pursuant to the tax assignment.

**TAX RETURNS:** Federal and state tax returns for the preceding four years have been filed. Debtor will timely file all tax returns during the pendency of this case.

**DOMESTIC SUPPORT OBLIGATIONS:** The Debtor does NOT owe a Domestic Support Obligation.

**PRIORITY TAX CLAIMS:** None

**PROPERTY TO BE SURRENDERED:** None

**REAL ESTATE MORTGAGES:** Debtor is in arrears on the following real estate mortgage obligations and shall pay arrearages and ongoing post-petition real estate mortgage payments through the Plan (conduit payments) pursuant to Standing Order 08-1 and comply with all provisions thereof. The first post-petition ongoing mortgage payment through the Plan will begin with the July, 2009 payment, which is the first mortgage payment due after the filing of the petition. The first two (2) monthly post-petition mortgage payments that come due prior to the commencement of regular ongoing mortgage payments, plus two late fees, plus the contract interest rate, shall be paid as an administrative expense. At the completion of the Plan, Debtor

shall resume monthly mortgage payments directly to the real property creditor pursuant to the terms of the mortgage contract.

| Real Property Creditor | Monthly Payment | Est Arrears | Est Total Debt |
|---|---|---|---|
| Bank of America<br>Atten: Bankruptcy Dept<br>475 Crosspoint Pkwy<br>Getzville NY 14068 | $876.00 | $4,379.00 | $86,599.00 |

| Real Property Creditor | Monthly Payment | Est Arrears | Est Total Debt |
|---|---|---|---|
| Bank of America<br>Atten: Bankruptcy Dept<br>475 Crosspoint Pkwy<br>Getzville NY 14068 | $187.00 | $374.00 | $21,453.00 |

Unless specifically controverted herein or by an objection to the claim, the amounts contained in the real property creditor's allowed Proof of Claim shall control, and the amounts listed here are estimates. No disbursements shall be made until a Proof of Claim is filed.

Interest shall NOT be paid on the pre-petition arrearage. Absent timely objection, the real property creditor shall be bound by the foregoing interest rate. Pre-petition arrearages shall be paid pro rata with other secured creditors unless otherwise indicated. If Debtor pays the arrearage, together with interest, if any, as specified in the Plan, all pre-petition defaults will be cured and the note and other loan documents will be deemed current as of the date of filing, extinguishing any right of the real property creditor to recover any amount alleged to have arisen prior to the filing of the petition or to declare a default of the note, mortgage, or other loan documents based upon pre-petition events.

If Debtor has made all payments required under the Chapter 13 Plan, the Chapter 13 Trustee shall file a motion seeking an order of the Court determining that all pre-petition and/or post-petition defaults on Debtor's residential home mortgage debt are deemed cured and all payments made on such debt through the date of plan completion are current, with no arrearage, no escrow balance, late charges, costs or attorney fees owing, except to the extent that the Court orders otherwise.

**NON REAL ESTATE SECURED CREDITORS:** All non-real estate secured creditors shall retain their liens pursuant to 11 U.S.C. 1325(a)(5) and shall release their liens on collateral at discharge.

All adequate protection payments, if any, will be made through the Chapter 13 Trustee pursuant to D. Kan. LBR 3015(b).1(g). A Proof of Claim must be on file before adequate protection payments will be disbursed. Any adequate protection payments made pre-confirmation shall be credited against the allowed principal secured portion of the creditor's claim. If no adequate protection payment is specified,

Debtor proposes that creditors will be adequately protected by Debtor promptly beginning to make monthly payments under the Plan, and for the Trustee to disburse as soon as is practicable. If confirmation is delayed, Debtor will join the Trustee in seeking disbursement of plan payments as if the plan was confirmed when appropriate.

The proposed plan payments are estimates. The amounts may be adjusted up or down by the Trustee, in his discretion, as is necessary to make the plan feasible and to pay the secured creditors as required. Debtor reserves the right to increase plan payments to the secured creditors beyond the estimated equal monthly payment amount, as Debtor may be willing or able to pay. For vehicles, please specify the make model, year, mileage and condition and the method used for determining value. The following subsections (A, B and C) address non-real estate mortgage secured creditors:

> **A. GENERAL SECURED CREDITORS:** The following are general secured creditors and shall be paid the value of their collateral or the amount of the claim, whichever is less, unless otherwise specified, plus the current discount/"Till" rate (Prime plus 1.5%) The Plan shall determine the value of the collateral.

**NONE**

> **B. 910 CAR LOANS SECURED CREDITORS:** The following are "910" creditors as defined by 11 U.S.C. 1325(a)(9), who claim a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, for debts incurred within 910 days prior to the filing of the bankruptcy petition. Debtor proposes to pay the following 910 Creditors in full plus the current discount/"Till" rate (Prime plus 1.5%). Unless otherwise specifically indicated, the Creditor's allowed Proof of Claim shall control the amount to be paid over the life of the Plan.

| Creditor | Total Amt Due | Est Mo Payment | Collateral |
|---|---|---|---|
| Eagle Credit Union 525 Commercial Street Atchison KS 66002 | $3980.00 | $175.00 Actual Chapter 13 Payment Determined By Trustee | 1998 Jeep Wrangler |
| Eagle Credit Union 525 Commercial Street Atchison KS 66002 | $14,862.00 | $463.00 Actual Chapter 13 Payment Determined By Trustee | 2007 Chevy Equinox |

**LIEN AVOIDANCES:** None

**SPECIAL CLASS CREDITORS:** Special class creditors, if any, are to be paid as specified. Unless otherwise ordered by the Court, Special Class Creditors shall NOT share pro rata in the amount to be paid to unsecured creditors as determined by Form 22C or the liquidated value of the estate per the "Best Interest of the Creditor Test."

**STUDENT LOAN OBLIGATIONS:** The student loan creditor shall share, pro rata, with other general unsecured creditors. Debtor is aware that interest will continue to accrue post-petition. Further, Debtor is aware that any amount not paid on the student loan debt during this bankruptcy will survive the bankruptcy and will still be owed by the Debtor, unless Debtor files an adversary proceeding

to determine the dischargeability of the debt and prevails on the merits.

**Creditor**                                    **Est Amount Due**

**None**

**GENERAL UNSECURED CREDITORS:**  General unsecured claims will be paid after all other unsecured claims, from the funds to be paid to unsecured creditors either as determined by Official Bankruptcy Form 22C of through the satisfaction of the "Best Interest of the Creditor Test" pursuant to 11 U.S.C. 1325(a)(4), whichever is higher.

**EXECUTORY CONTRACTS AND UN-EXPIRED LEASES:**  Post-petition payments on executory contracts and un-expired leases that are assumed shall be paid directly to the creditors unless otherwise specified.  Any pre-petition arrearages shall be cured by payments to be made direct to the creditor by the Debtor unless otherwise specified.

**PLAN AMENDMENTS:**  Debtor hereby reserves the right to modify this plan pursuant to 11 USC 1329 and to include post-petition debt pursuant to 11 USC 1322(B)(6).

**"BEST INTEREST OF THE CREDITOR TEST":**  Pursuant to 11 U.S.C. 1325(a)(4), the liquidation value of Debtor's non-exempt property is $0.00.  This amount is included in the monthly Plan payment Debtor proposes to pay in paragraph 1.

**PROPERTY OF THE ESTATE:**  In addition to the property specified in 11 USC 541, property of this bankruptcy estate includes all property acquired after the filing of the bankruptcy petition, including earning.  Except as otherwise provided, the Debtor shall remain in possession of all property of the estate.

**EFFECT OF CONFIRMATION:**  ANY CREDITOR FAILING TO OBJECT TO CONFIRMATION OF THE PLAN IS DEEMED TO HAVE ACCEPTED THE PLAN.  AN AGREED ORDER MAY BE ENTERED RESOLVING OBJECTIONS TO CONFIRMATION.

If a creditor files a secured claim that is not provided in the plan the claim will be allowed as filed unless objected to by the Debtor or resolved by plan amended or agreement of the parties.  All property of the estate will revest in the Debtors at discharge, unless otherwise ordered by the Court pursuant to 11 U.S.C. § 1322(b)(9).

ONCE CONFIRMED BY THE COURT, THIS PLAN BINDS THE DEBTOR AND EACH CREDITOR, WHETHER OR NOT THE CLAIM OF SUCH CREDITOR IS PROVIDED FOR BY THE PLAN, AND WHETHER OR NOT SUCH CREDITOR HAS ACCEPTED, REJECTED OR OBJECTED TO THE PLAN.

Confirmation of the plan shall be deemed a finding by the Bankruptcy Court that the Debtor has complied with all of the applicable sections of 11 U.S.C. § 1322 and 1325 and that Debtor(s) have fulfilled all of their pre confirmation obligations under 11 U.S.C. § 521.

Signed: **s/ Steven Piper**                         Date:  **06-01-2009**
    **Debtor**

**Signed:** <u>s/ Stephanie Piper</u>          **Date:** <u>06-01-2009</u>
          **Debtor**


**Signed:** <u>s/ Shawna R Miller</u>
          **Attorney for the Debtor**